# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROTHER INTERNATIONAL CORPORATION,<br><br>Defendant. | Civil Action No. 12-1538-RGA<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT BROTHER INTERNATIONAL CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF THE COMPLAINT**

 

Christopher Viceconte  (No. 5568)
**GIBBONS P.C.**
1000 N. West Street Suite 1200
Wilmington, DE 19801-1058
Telephone:  302-295-4875
Facsimile:  302-295-4876
E-Mail:  cviceconte@gibbonslaw.com

February 11, 2013

*Attorneys for Defendant*
*Brother International Corporation*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I. NATURE AND STAGE OF PROCEEDING .................................................................1

II. SUMMARY OF ARGUMENT .......................................................................................1

III. STATEMENT OF FACTS ..............................................................................................2

IV. ARGUMENT ...................................................................................................................3

    A. Legal Standard On A Rule 12(b)(6) Motion To Dismiss .........................................3

    B. Pragmatus Has Failed To State A Claim For Direct Infringement Of Claim 1 Of The '231 Patent .................................................................................................4

V. CONCLUSION ................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
  C.A. No. 11-967-SLR, 2012 WL 4470386 (D. Del. Sept. 28, 2012) ....................4, 5

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012)...................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)....................................................................................................3

*Circuit City Stores v. Citgo Petroleum Corp.*,
  No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ............................................1

*Desenberg v. Google, Inc.*,
  392 F. App'x 868 (Fed. Cir. 2010) ..............................................................................4

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*,
  802 F. Supp. 2d 527 (D. Del. 2011).................................................................3, 4, 5

*Godlewski v. Affiliated Computer Servs., Inc.*,
  210 F.R.D. 571 (E.D. Va. 2002) .................................................................................1

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
  434 F. Supp. 2d 598 (N.D. Iowa 2006).......................................................................1

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)...................................................................................3

*Muniauction, Inc. v. Thomson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008)...................................................................................4

*PA Advisors, LLC v. Google, Inc.*,
  706 F. Supp. 2d 739 (E.D. Tex. 2010)........................................................................5

*Pragmatus AV LLC v. Yahoo! Inc.*,
  C.A. No. 11-902-LPS-CJB, 2012 WL 6044793 (D. Del. Nov. 13, 2012).........3, 4, 5

**RULES AND STATUTES**

35 U.S.C. § 271(a) .............................................................................................................4

Fed. R. Civ. P. 12(b)(6).........................................................................................1, 3, 6

I.      **NATURE AND STAGE OF PROCEEDING**

Plaintiff Pragmatus Telecom, LLC ("Pragmatus") filed this action on November 21, 2012, alleging that Brother International Corporation ("Brother") infringes U.S. Patent Nos. 6,311,231 ("the '231 patent"), 6,668,286 ("the '286 patent"), and 7,159,043 ("the '043 patent") (collectively, the "patents-in-suit"). Pragmatus has filed 58 separate patent infringement actions in this Court,[1] and is the Defendant in declaratory judgment actions brought by LivePerson Inc. and LogMeIn, Inc., all involving the same three patents.

Brother moves to dismiss Count I of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and fully adopts the arguments presented by Defendant Rite Aid Corporation in its Opening Brief in related Civil Action No. 12-1555-RGA (*see* D.I. 6-7), as set forth below in their entirety."[2]

II.     **SUMMARY OF ARGUMENT**

1.      Count I of the Complaint fails to state a claim for direct infringement of the '231 patent. Count I alleges that Brother "directly" infringes the '231 patent "at least by using the system of claim 1 of the '231 Patent." The method recited in Claim 1 contains multiple

---

[1]   Pragmatus filed ten infringement actions on January 27, 2012, *see* C.A. Nos. 12-088 to 12-097, and 48 infringement actions between November 21 and December 12, 2012.

[2]   A motion to dismiss that addresses part of a complaint suspends the time for defendants to answer or otherwise respond to the remaining allegations in the complaint. *See*, *e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) ("A majority of courts . . . hold that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

steps that, by the plain language of the claim itself, must be performed by at least each of "the customer," "the customer computer," "the system," and "the call center."

2.  To properly allege direct infringement, Pragmatus must plead that Brother, either itself or with another entity under Brother's direction or control, performs each of the claimed steps of Claim 1. Pragmatus has not alleged and cannot allege that Brother itself performs each step, because Claim 1 requires that certain steps must be performed by the "customer" (and not Brother). To state a claim for direct infringement of Claim 1 of the '231 patent, Pragmatus would need to allege joint infringement by Brother and its customers, including that Brother directs or controls the actions of third parties – *i.e.*, the "customer" who performs the claimed steps that Brother does not. Because Count I of the Complaint contains no such allegations, it should be dismissed for failure to state a claim.

### III.   STATEMENT OF FACTS

Count I of the Complaint alleges direct infringement of Claim 1 of the '231 patent (D.I. 1, ¶ 10):

> 10.  Brother has and continues to infringe directly one or more claims of the '231 Patent, including at least by using the system of claim 1 of the '231 Patent to provide live chat service over the Internet.

Claim 1 of the '231 patent covers a method for a "customer" to obtain help regarding pages on the Internet, which includes certain steps taken by the customer and the customer's computer (emphasis added):

> 1.  In communications systems comprising a server connected to the Internet-, [sic] customer premises equipment in a remote customer premise comprising a customer computer connectable to the Internet and having a customer IP addres, [sic] a call center having a plurality of help agent computers connected to the Internet, *a method for the customer to obtain help* in relation to a WWW page having a URL (universal resource lacator [sic]) from

2

        the server displayed by the customer computer comprising the steps:
- a) *the customer selecting a remote help option from the page*;
- b) *the customer computer automatically preparing a help request form comprising the customer IP address*;
- c) the system automatically transferring the help request to the call center; and
- d) the call center setting up a virtual audio channel on the Internet between one of said help agent computers and the customer computer using IP based voice communications.

## IV.    ARGUMENT

### A.    Legal Standard On A Rule 12(b)(6) Motion To Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this standard, Pragmatus must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

The required form of pleading for an allegation of direct infringement depends on whether the suit implicates a theory of joint infringement. *See Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534-35 (D. Del. 2011). Where direct infringement does not implicate a theory of joint infringement, the complaint needs to satisfy only the requirements of Form 18. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012). But "when a plaintiff's allegation of direct infringement *does* implicate a theory of joint infringement, this Court has held that a plaintiff must do more" than satisfy Form 18. *Pragmatus AV LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 6044793,

3

at *4 (D. Del. Nov. 13, 2012) (emphasis in original).  "A claim of joint infringement requires an assertion that various parties perform all of the claimed steps *and* that one party exercises direction or control over the infringing activities of all other parties." *Id.* (citing *Eon Corp.*, 802 F. Supp. 2d at 534) (emphasis in original).

    **B.**    **Pragmatus Has Failed To State A Claim For Direct Infringement Of Claim 1 Of The '231 Patent**

Pragmatus has not pled – and cannot plead – that Brother itself performs all the steps of the method of Claim 1.  Nor has Pragmatus pled that Brother in conjunction with another party over whom it "exercises direction or control" jointly perform the steps of the method of Claim 1.

For a party to be liable for direct infringement under 35 U.S.C. § 271(a), that party must commit all the acts necessary to infringe the patent.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012).  In the context of method claims, this means that "the accused infringer must perform all the steps of the claimed method, either personally or through another acting under his direction or control." *Id.*  To directly infringe a method claim, defendant must perform or use "every step of a claimed method," or under a theory of joint infringement, perform some steps while "direct[ing] or control[ling]" another party that performs the remaining steps. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008) (citation omitted); *see also Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (non-precedential) (affirming dismissal of direct infringement claim where plaintiff did not allege "control or direction").

Unless a defendant "exercises control or direction over the entire process such that every step is attributable to the controlling party," there is no direct infringement. *Aeritas, LLC v. Alaska Air Group, Inc.*, C.A. No. 11-967-SLR, 2012 WL 4470386, at *4 (D. Del.

4

Sept. 28, 2012) (citation omitted).  And, a complaint that fails to allege such "direction or control" – including sufficient facts to support such allegations – must be dismissed.  *See Desenberg,* 392 F. App'x at 871-72; *Aeritas*, 2012 WL 4470386, at *4 (granting motion to dismiss because complaint alleged "[t]o the extent that Defendant is jointly infringing . . . it is the mastermind of the infringement" without alleging supporting facts); *Eon Corp.*, 802 F. Supp. 2d at 535 ("Plaintiff fails to identify any defendant as exercising 'control or direction' over the allegedly infringing acts of other parties.  Consequently, Plaintiff's complaint does not sufficiently state a claim of joint infringement.").

In *Pragmatus AV*, 2012 WL 6044793, at *9, defendant Yahoo! moved to dismiss the direct infringement claims because the complaint failed to properly allege facts supporting a theory of joint infringement.  Yahoo! argued that plaintiff failed to state a claim for direct infringement, because the asserted claims required certain steps to be performed by a user of Yahoo! Messenger (rather than by Yahoo! itself).  *Id*.  The Court denied the motion because "the wording of the steps themselves do not conclusively establish whether the participant (as opposed to, as alleged here, Yahoo! Messenger's software) plays a role in the performance of that step."  *Id.* at *10.  The claims at issue in that case recited the step of "(b) selecting (i) one or more participants (ii) from among a plurality of the displayed sets of potential participants."  *Id.* at *9.  The Court found that Yahoo!'s request was premature because claim construction may be necessary to determine exactly *who* does the "selecting" in each step of the method.  *Id.* at *10.

Here, however, the plain language of Claim 1 of the '231 patent expressly states that certain steps must be performed by "the customer" and "the customer computer."  In *Pragmatus AV*, the Court stated that if the "steps-at-issue were to have read 'selecting, by a participant ....' or to have contained words to that effect," it would have reached a different

5

conclusion. *Id.*; *see also PA Advisors, LLC v. Google, Inc.*, 706 F. Supp. 2d 739, 748 (E.D. Tex. 2010) (granting motion for summary judgment because claim step required the "providing, by the user to the local computer system, search request data," which made clear that the "providing" step must be performed "by the user").

Unlike the claim at issue in *Pragmatus AV*, Claim 1 of the '231 Patent clearly requires "the customer" and "the customer computer" to perform some of the required steps. Indeed, to read the claim otherwise so that all the steps of the method would be performed by the same entity would result in the customer sending a help request to herself, an absurd result.

Because Pragmatus has not alleged – and cannot allege – that Brother performs each and every step of the method of Claim 1 of the '231 Patent, Count I of the Complaint should be dismissed for failure to state a claim.

## V.   CONCLUSION

For the foregoing reasons, Brother respectfully requests that the Court dismiss Count I of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: February 11, 2013

/s/ Christopher Viceconte
Christopher Viceconte  (No. 5568)
**GIBBONS P.C.**
1000 N. West Street Suite 1200
Wilmington, DE 19801-1058
Telephone:  302-295-4875
Facsimile:  302-295-4876
E-Mail:  cviceconte@gibbonslaw.com

*Attorneys for Defendant*
*Brother International Corporation*